IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GARY CLEVE BROCK,** *et al.* ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **TERRY PARK, individually, and in his** ) <br> **official capacity as an agent of the** ) <br> **DISTRICT17 DRUG TASK FORCE FOR** ) <br> **THE STATE OF OKLAHOMA, and in** ) <br> **his official capacity as a deputy with the** ) <br> **CHOCTAW COUNTY, OKLAHOMA,** ) <br> **SHERIFF'S DEPARTMENT, et al.,,** ) <br> ) <br> **Defendant,** ) <br> ) | Case No. CIV-10-408-JHP |

## ORDER

Before the Court is Defendants' Motion to Compel and Defendants' Motion for Confession of Defendants' Motion to Compel. [Docket No's. 36 and 42]. Defendants request this Court to enter an Order requiring Plaintiffs to respond to Defendants' requests for production of documents and interrogatories. Defendants further pray for an award of reasonable expenses they have incurred in obtaining this Order. Plaintiffs have failed to timely respond to this Motion. For the reason set forth herein, the Motion is GRANTED.

Federal Rule of Civil Procedure 37 provides the framework for enforcing discovery rules against a party. Upon certification that a movant has in good faith conferred, or attempted to confer with the party failing to make disclosure or discovery responses, the Court may, upon party motion, enter an order compelling those disclosures and responses.[1] Further, Rule 37(a)(5) provides that if

---

[1] Fed. R. Civ. P. 37(a).

a Motion to Compel is granted, the Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Here Defendants' certify that they served Plaintiff with their First Request for Production of Documents and their First Sets of Interrogatories September 29, 2011, pursuant to Local Rule 37.1. Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiffs' responses were due on October 31, 2011. Defendants' Counsel communicated with Plaintiffs' Counsel by letter, dated November 15, 2011, requesting Plaintiffs' responses no later than November 21, 2011.

Defendants filed a Motion to Compel with the Court on November 28, 2011. At the time of filing, Defendants still had not received word from Plaintiffs' Counsel. Responses to Defendants' Motion to Compel were due by December 5, 2011, and the response time was clearly indicated on the CM/ECF docket sheet. Plaintiffs' Counsel has since failed to timely respond to Defendants' Motion. On December 9, 2011, Defendants filed their Motion for Confession.

As Plaintiff has clearly failed to comply with routine discovery procedure, Defendants' Motion to Compel [Docket No. 36] is **GRANTED**. Plaintiffs' have ten days to produce the requested documents and interrogatories. Failure to comply with this order may result in sanctions under Federal Rule of Civil Procedure 37(b)(2)(A), including but not limited to prohibiting the Plaintiffs from introducing designated matters into evidence and/or entering a default judgement against the Plaintiffs.[2] As Defendants' Motion to Compel has been granted, Defendants' Motion for Confession [Docket No. 42] is **DISMISSED AS MOOT**.

Looking to Defendants' prayer for reasonable expenses, Plaintiffs' Counsel still has not responded to Defendants' Motion to Compel, offering the Court no argument as to whether

---

[2] *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) and (vi).

Plaintiffs' withholding of discovery was justified, or that such an award is unjust. As such, pursuant to Rule 37(a)(5), Defendant's request for expenses is **GRANTED**. The hearing to determine the party or parties whose conduct necessitated Defendants' Motion and to set the amount of the award, which was previously set by minute order [Docket No. 40] for December 15, 2011 at 2:00 P.M., is **STRICKEN**, to be reset at a later date.

IT IS SO ORDERED this 12th day of December, 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma